UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RHONDA T.-B.<br>      Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:21-CV-271-JVB<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiff Rhonda T.-B. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, the Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's June 18, 2019 application for disability insurance benefits, she alleged that she became disabled on June 17, 2019. After a December 11, 2020 hearing, the Administrative Law Judge (ALJ) issued her decision on February 3, 2021, finding that Plaintiff had the severe combination of impairments of unspecified neurocognitive disorder, generalized anxiety disorder, obstructive sleep apnea, and substance use disorder. (AR 12). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to perform medium work except "she can understand, remember, and carry out simple tasks, make simple work related decisions, deal with occasional changes in work processes and environment; no production rate pace, but can perform end of the day goals; occasional interaction with

coworkers, supervisors, and the general public." (AR 15). The ALJ determined that Plaintiff was incapable of performing her past relevant work but could perform the representative occupations of kitchen helper, meat clerk, and cook helper. (AR 21-22). Accordingly, the ALJ found Plaintiff to not be disabled from June 17, 2019, through February 3, 2021, which is the date of the ALJ's decision. (AR 23). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

2

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred and that her decision should be reversed because the ALJ failed to discuss neuropsychiatric testing in determining that Listing 12.02 was not met or equaled, failed to discuss that same testing in formulating Plaintiff's RFC and relied on medical opinions that never addressed the test results, and failed to include some of Plaintiff's limitations in the questions posed to the vocational expert (VE). The Court agrees with Plaintiff as to her last argument and remands this matter to the agency on that basis.

The ALJ found the opinions of the state agency psychologists to be persuasive. (AR 19). Among the various matters in the state agency psychologists' opinions, they opined that Plaintiff has moderate limitations in the "checklist" items of (1) the ability to understand and remember detailed instructions, (AR 68), (2) the ability to carry out detailed instructions, (AR 68), and (3) the ability to maintain attention and concentration for extended periods. (AR 68, 81). Additionally, the state agency psychologist on reconsideration opined that Plaintiff has a moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 81). This checklist item falls under the category of concentration, persistence, and pace, which the ALJ found to be moderately limited. (AR 14, 81). The ALJ did not resolve this conflict between the opinions, finding persuasive the opinions of both "not significantly limited" and "moderately limited" in regard to this last item.

3

Following the state agency psychologists' opinions, the ALJ found that Plaintiff has a moderate limitation in concentration, persistence, and pace. (AR 14, 65, 78). The ALJ's RFC determination, as relevant here, is that Plaintiff "can understand, remember, and carry out simple tasks, make simple work related decisions, deal with occasional changes in work processes and environment; no production rate pace, but can perform end of the day goals; occasional interaction with coworkers, supervisors, and the general public." (AR 15). The RFC is silent on the topic of the number and length of rest periods that Plaintiff would require. The ALJ asked for the VE's opinion of occupational prospects for a hypothetical individual who could "understand, remember and carry out simple tasks, make simple work-related decisions. Deal with occasional changes in work processes and environments. No production rate pace, but can perform end of the day goals. And occasional interaction with coworkers, supervisors, and the general public." (AR 55).

When asking questions to a vocational expert (VE), an ALJ "must explicitly account for all a claimant's limitations in her hypothetical, including limitations in concentration, persistence, or pace, unless the vocational expert has independently reviewed the medical record." *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019) (citing *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018); *Lanigan v. Berryhill*, 865 F.3d 558, 563, 565 (7th Cir. 2017)). An ALJ who, like the ALJ in this case, finds moderate limitations in concentration, persistence, and pace must account for those limitations in the RFC and the hypothetical questions to the VE. *See id.*

The ALJ's RFC determination and question to the VE account for some, but not all, of Plaintiff's limitations opined by Dr. Neville and deemed persuasive by the ALJ. The ALJ implicitly adopted these limitations by finding the opinion persuasive as a whole and finding that Plaintiff has a moderate limitation in concentration, persistence, and pace. The opinion that Plaintiff had a moderate limitation in her ability to complete a workday while performing at a

4

consistent pace without an unreasonable number or length of rest periods remains unaccounted for, as neither the RFC nor the hypothetical question posed to the VE reflect this aspect of Plaintiff's mental impairment. Remand is required.

The Court also notes that Plaintiff has made a coherent argument regarding the neuropsychological evaluation that she underwent on May 13, 2020, after the state agency medical professionals offered their opinions. Plaintiff argues that, had the state agency medical professionals had access to the evaluation, they may have opined to more severe limitations, perhaps to such a degree that Listing 12.02 was met. Because this case is being remanded on other grounds, the Court does not need to probe this matter further, but the Court notes that, on remand, the evaluation will be available for reviewing medical professionals to consider, which will address Plaintiff's concern.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's request, **REVERSES** the final decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings in accordance with this Opinion and Order.

SO ORDERED on March 9, 2023.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT